
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| DANIEL WAYNE EVANS | : | CASE NUMBER 04-30154-REB |
| JONI A. EVANS | : | |
| DEBTORS | : | JUDGE BRIZENDINE |

## ORDER DISMISSING
## CASE WITH PREJUDICE

The above styled case came before the Court on its June 3, 2004 Confirmation calendar. The attorney for the Chapter 13 Trustee appeared at the hearing. The debtors, acting pro se, did not appear at the hearing.

The basis of the Trustee's objection to confirmation is that the present Chapter 13 filing is an abuse of process pursuant to 11 U.S.C. §105(a). The record in this case shows that the debtors failed to attend a Meeting of Creditors as required by 11 U.S.C. §343, have tendered no payments to the Chapter 13 Trustee as required by 11 U.S.C 1326, have not filed a plan as required by 11 U.S.C. §1321; and have failed to cure all outstanding objections sought by the Trustee.

The Court takes notice that these debtors have filed at least four (4) prior Chapter 13 cases: 99-20977-REB, 99-21404-REB, 01-88593-REB and 04-20338-REB. The first case was filed on May 18, 1999 and dismissed prior to confirmation on July 21, 1999. The second case was filed on July 22, 1999 and was converted to a Chapter 7 prior to confirmation on March 14, 2000. The third case was filed on December 17, 2001 and was dismissed prior to confirmation on March 14, 2002. The fourth case was filed on February 11, 2004 and was dismissed prior to confirmation on March 4, 2004.

Based on the foregoing, the Court concludes that this most recent case was not filed in good faith. This case filing and the previous case filing and debtors' failure to prosecute these cases evidence intent to improperly hinder and delay creditors. The Court concludes that these cases were not filed for legitimate, rehabilitative purposes. As a result, the Court concludes that the instant case was an abusive filing and the case will be dismissed. Accordingly, and for good cause shown, it is

**ORDERED** that Confirmation in this case is **DENIED** and this Chapter 13 case is **DISMISSED WITH PREJUDICE** pursuant to 11 U.S.C. §109(g) as an abusive filing due to debtors' failure to properly prosecute the case, and debtors shall not be eligible for bankruptcy relief under all chapters of Title 11 for one hundred eighty (180) days from the entry of this Order.

IT IS SO ORDERED this 16th day of June, 2004.

_____
ROBERT E. BRIZENDINE
UNITED STATES BANKRUPTCY JUDGE

Presented by:

_____
George A. Shaw
Attorney for the Chapter 13 Trustee
State Bar Number 638350
100 Peachtree Street, NW
Suite 1100
Atlanta, GA  30303
(404) 525-2555

# **APPENDIX**

Case Number **04-30154-REB**

<u>Rule 9013-3(c)(2)</u>
<u>Certificate of Interested Parties to be Served by Clerk</u>

I. THE ORDER:

    1. Debtors:
       Daniel Wayne Evans
       Joni A. Evans
       8265 St. Mario Freeway Drive
       Duluth, GA  30096

    2. Attorney for Debtors:
       Debtors pro se, atty

    3. Attorney for the Chapter 13 Trustee:
       George A. Shaw
       100 Peachtree Street, NW
       Suite 1100
       Atlanta, GA  30303